**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ROBERT M. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:26-cv-03022-MDH |
| | ) | |
| DEPUTY JACKIE DILDAY et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's *Pro Se* Motion for Reasonable Accommodations Under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. (Doc. 11). The Defendants failed to file Suggestions in Opposition and the time to do so has elapsed. Thus, the motion is now ripe for adjudication on the merits. For the reasons stated herein, Plaintiff's *Pro Se* Motion for Reasonable Accommodations Under Title II of the ADA and Section 504 of the Rehabilitation Act is **DENIED** as premature without prejudice.

Plaintiff states that he is a 70-year-old individual with documented physical and psychiatric disabilities that substantially limit major life activities, including his ability to communicate effectively in adversarial settings. (Doc. 11, page 2). Specifically, Plaintiff asserts he has been diagnosed with conditions that include bipolar disorder with psychosis, degenerative disc disease, and a speech impediment. (Doc. 11, page 3 and Doc. 11-1 page 1). Plaintiff asks this Court for accommodations including: (1) directing that communications between the parties be primarily in writing and that Defendants provide key discovery materials, including initial disclosures, in advance of deadlines to allow for adequate review; (2) permitting Plaintiff to participate by telephone or video conference in all non-evidentiary proceedings in this action, including

1

conferences and Alternative Dispute Resolution ("ADR"); and (3) affirming that Plaintiff's trained medical alert service dog will accompany him to all in-person proceedings in this case, including depositions, hearings, and trial, and that Defendants shall not seek to exclude the dog except on the narrow groups permitted by 28 C.F.R. § 35.136. (Doc. 11, pages 2-3). The Court will take each of Plaintiff's requests in turn.

## I.      Communications in Writing and Submissions in Advance of Deadlines

First, the request directing that communication between the parties be primarily in writing would have this Court micromanaging how the parties choose to interact and conduct their own case. Filings submitted to this Court must be electronically or physically mailed to the other party and thus no order is necessary as to that element of communication. How the parties choose to discuss matters that arise outside of any filings to the Court are discussions best left between the parties without intervention by the Court. While the Court would encourage the parties to communicate in a matter that is beneficial to all, this is a conversation best left outside the mandates of the Court. Should there be a logistical impasse or problems that arise, either party may raise this issue to the Court after fulfilling the criteria outlined in Local Rule 37.1.

Second, the request that Defendants provide key discovery materials in advance of deadlines to allow adequate review would unnecessarily burden the Defendants and would unnecessarily prolong the case. Plaintiff is still free to file a motion requesting a reasonable extension of time to respond should the need arise, which the Court will fairly evaluate. However, a blanket extension covering all key deadlines is not appropriate. For these reasons, Plaintiff's *Pro Se* Motion for Reasonable Accommodations to have Defendants communicate primarily in writing

and that Defendants provide key discovery materials in advance of deadlines is **DENIED** without prejudice.

## II.     Participation by Video or Teleconference

Plaintiff next asks that he be permitted to participate by telephone or video conference in all non-evidentiary proceedings in this action, including conferences and ADR. To the extent Plaintiff seeks permission to appear via video or teleconference, his motion is premature. Plaintiff is free to reraise his motion when any non-evidentiary proceeding in this action is scheduled and the Court will evaluate the request at that time. To allow an advance blanket exemption for all non-evidentiary proceedings is unnecessary. The Court rarely conducts non-evidentiary hearings which require in person attendance. For this reason, Plaintiff's *Pro Se* Motion for Reasonable Accommodations to be permitted to participate by telephone or video conference in all non-evidentiary proceedings in this action is **DENIED** without prejudice.

## III.    Plaintiff's Service Animal

Lastly, Plaintiff asks this Court to allow his trained medical alert service dog to accompany him to all in-person proceedings in this case, including depositions, hearings, and trial. For a case to reach the point of an in-person hearing is rare in federal court. Plaintiff's motion to allow his service animal to attend any such hearing is premature at this time. However, the Court will allow Plaintiff to reraise his motion at the time when an in-person hearing or trial is scheduled within this case and will evaluate the motion at that time.

To the extent Plaintiff wishes to have his service animal in proceedings outside the Court, such as depositions, he may confer with Defendants. If an impasse does arise, either party may raise the issue to the Court after fulfilling the criteria outlined in Local Rule 37.1. For the reasons

3

stated, Plaintiff's *Pro Se* Motion for Reasonable Accommodations to allow his trained medical alert service dog to accompany him to all in-person proceedings in this case is **DENIED** without prejudice.

## CONCLUSION

For the reasons stated, Plaintiff's *Pro Se* Motion for Reasonable Accommodations Under Title II of the ADA and Section 504 of the Rehabilitation Act is **DENIED** without prejudice. Plaintiff may reraise his motions for an extension; participation via video or teleconference; or have his service animal present by filing a motion once the need arises.

**IT IS SO ORDERED.**

Date: April 27, 2026

    */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

4