IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT TAYLOR,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 6:26-cv-03022-MDH** |
| **DEPUTY JACKIE DILDAY, et al.,** | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Defendants Deputy Jackie Dilday, Deputy Drew Ivey, and Greene County, Missouri's motion to dismiss. (Doc. 30). Defendants filed suggestions in support, (Doc. 31), Plaintiff filed suggestions in opposition, (Doc. 36), and Defendants filed a reply. (Doc. 43).

## BACKGROUND

Plaintiff Robert Taylor, proceeding *pro se*, is a disabled senior-citizen and resident of Springfield, Missouri. Defendants Jackie Dilday and Drew Ivey are deputies employed by the Sheriff of Greene County, Missouri. Six Counts are alleged by Plaintiff: (1) "Fourth Amendment Unreasonable Seizure and Excessive Force," (2) "First Amendment Retaliation," (3) "Fourteenth Amendment Due Process and Equal Protection," (4) "Municipal Liability / Ratification," (5) "Title II of the ADA and Section 504," and (6) "ADA Retaliation / Interference." (Doc. 28). Plaintiff requests compensatory and punitive damages, declaratory and injunctive relief, and costs and attorney's fees.

The allegations are summarized as follows. On or about August 2, 2024, Plaintiff entered the Greene County Courthouse in Springfield, Missouri as a subpoenaed witness in a criminal proceeding. Plaintiff arrived with two other disabled senior citizens and parked in a handicap space. After Plaintiff had passed through the security checkpoint, Deputies Dilday and Ivey told

Plaintiff that the GoPro camera he had brought into the courthouse was prohibited. Plaintiff, disputing this with the Deputies, activated the GoPro and attempted to walk away. The Deputies grabbed him and forced him through the glass doors of the entranceway.

Once outside, the Deputies told Plaintiff that he was trespassing on the property, including the public parking lot. Plaintiff then told the Deputies that he was disabled and relied on a third party for transportation, but the Deputies threatened to arrest him if he did not leave immediately. Nevertheless, Plaintiff called 911. Neither party explains what ensued after this point. Presumably, Plaintiff left.

**STANDARD OF REVIEW**

Defendants request that the Complaint be dismissed for failure to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations that are sufficient to state a claim for relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

### I. Count I – Fourth Amendment Claim

Plaintiff alleges that Deputies Dilday and Ivey pushed him through the courthouse exit doors and this constituted an unreasonable seizure and excessive force in violation of the Fourth Amendment.

The Fourth Amendment "prohibits unreasonable seizures, [and a] seizure may be unreasonable when an officer uses excessive force." *Watkins v. City of St. Louis*, 102 F.4th 947, 951–52 (8th Cir. 2024) (citations omitted). "The inquiry into the reasonableness of police force requires analyzing the totality of the circumstances." *Barnes v. Felix*, 605 U.S. 73, 73 (2025) (citations omitted).

Defendants contend that the Complaint lacks any allegations of excessive force beyond that the Deputies grabbed and pushed Plaintiff. Further, Defendants note that because the Deputies have qualified immunity, Plaintiff must allege sufficient facts to support an inference that the Deputies committed both a constitutional violation and that the right violated was clearly established at the time of the challenged conduct. *Watkins v. City of St. Louis, Missouri*, 102 F.4th 947, 951 (8th Cir. 2024).

The right to be free from excessive force by state actors *is* clearly established. *Guite v. Wright*, 147 F.3d 747, 750 (8th Cir. 1998). Because an excessive force analysis considers the totality of the circumstances, Plaintiff's claim should not be dismissed at this stage. Viewing the totality of the circumstances in Plaintiff's favor results in a non-speculative inference that his right to be free from excessive force was violated. The Court denies Defendants' motion to dismiss as to Count I.

## II. Count II – First Amendment Claim

Plaintiff alleges that Deputies Dilday and Ivey removed him from the courthouse in retaliation for his bringing in a camera, arguing about it, and trying to report the Deputies' conduct to 911.

To state a First Amendment retaliation claim, Plaintiff must plead facts showing that "(1) [Plaintiff] engaged in protected expression, (2) [Defendant] took an adverse action that would chill a person of ordinary firmness from continuing the activity, and (3) there was a but-for causal connection between the [Defendant's] retaliatory animus and [Plaintiff's] injury." *De Mian v. City of St. Louis, Missouri*, 86 F.4th 1179, 1182 (8th Cir. 2023).

Plaintiff was not engaged in protected activity. There is no recognized First Amendment right to use a camera in a courthouse.[1] The Court grants Defendants' motion to dismiss as to Count II.

## III. Count III – Fourteenth Amendment Claim

Plaintiff alleges that the Deputies expelled him from the courthouse without notice or meaningful process and discriminated against him by refusing to consider modifications after he disclosed his disability.

The Due Process Clause "constrains governmental decisions which deprive individuals of liberty or property interests." *Lunon v. Botsford*, 946 F.3d 425, 429 (8th Cir. 2019). A procedural due-process claim requires the plaintiff to identify a protected liberty or property interest of which

---

[1] *See, e.g., Enoch v. Hamilton Cnty. Sheriff's Off.*, 2024 WL 3597026, at *5 (6th Cir. July 31, 2024) ("In a nonpublic forum like a courthouse, the First Amendment rights of everyone … are at their constitutional nadir.") (quotation omitted); *Pace v. County of Cortland*, 2023 WL 7324515, at *6 (N.D.N.Y. Nov. 7, 2023) (finding camera ban "viewpoint neutral and reasonable considering the function of a courthouse."); *Combined Communications Corp. v. Finesilver*, 672 F.2d 818, 821 (10th Cir. 1982) ("The First Amendment does not guarantee the media a constitutional right to televise inside a courthouse.") (citations omitted).

he was deprived and to plead facts showing that the process afforded was constitutionally inadequate. *Id*.

Here, Plaintiff did not have a liberty interest entitling him to a hearing before the Deputies could remove him from the premises. As already noted, there is no liberty interest in bringing a camera into a courthouse or in remaining in a courthouse in contravention of its policies.

Nor can Plaintiff state an equal protection claim based on disability. An equal protection claim can be brought as a "class of one" when "the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The Eighth Circuit requires a plaintiff asserting a class of one theory to identify comparators "alleged to have been treated more favorably"; the comparators "must be identical or directly comparable to the plaintiff in all material respects." *Robbins v. Becker*, 794 F.3d 988, 996 (8th Cir. 2015). Plaintiff does not identify comparators and presents only conclusory allegations that he was discriminated against. The Court grants Defendants' motion to dismiss as to Count III.

**IV. Count IV – Municipal Liability**

Plaintiff seeks § 1983 liability against Greene County for the August 2024 incident with Deputies Dilday and Ivey, as well as for a similar July 2020 incident where Plaintiff was physically removed from the courthouse for attempting to film while present as a witness. Plaintiff also seeks liability against the County for its failure to investigate Plaintiff's various complaints.

Municipal liability requires an underlying constitutional violation caused by an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013) (internal citations omitted). "Dismissal is proper when a complaint does not contain any allegations, reference, or

language by which one could begin to draw an inference that the conduct complained of … resulted from an unconstitutional policy or custom." *Watkins v. City of St. Louis, Missouri*, 102 F.4th 947, 954 (internal quotation omitted). Section 1983 does not provide municipal liability under a theory of respondeat superior. *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 694–95 (1978).

Plaintiff identifies no municipal custom, policy, or failure to train or supervise that led to his ejection from the courthouse. A failure to investigate or discipline an employee after an alleged constitutional violation does not, without more, establish municipal liability. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 130 (1988). The Court grants Defendants' motion to dismiss as to Count IV.

**V. Count V – ADA or § 504 Claim Against Greene County**

Plaintiff alleges that Greene County denied him meaningful access to the courthouse because of his disability. Plaintiff also alleges that the County failed to process his later ADA grievances and accommodation requests.

Title II prohibits a public entity from excluding, denying benefits to, or otherwise discriminating against a qualified individual with a disability with respect to the entity's services, programs, or activities "*by reason of*" disability. 42 U.S.C. § 12132 (emphasis added). The Eighth Circuit has applied this statutory standard to claims involving public entities. *Folkerts v. City of Waverly, Iowa*, 707 F.3d 975, 983 (8th Cir. 2013). It has also applied the similar substantive standard in § 504 of the Rehabilitation Act of 1973, which covers public entities receiving federal funds. *Id*.

Removing Plaintiff from the courthouse was not "by reason of" his disability, for Plaintiff informed the Deputies of his disability *after* they removed him from the courthouse.

Nor can Plaintiff rely on the Deputies' failure to accommodate once informed of his disability. A Plaintiff asserting failure to accommodate must plausibly allege that a reasonable accommodation was *necessary* to provide meaningful access to the public entity's services, programs, or activities. *Id*. (emphasis added). There are no allegations that Plaintiff needed a camera in the courthouse in order to access the facility or accommodate his disability. Certainly Plaintiff cannot maintain he was physically unable to access the courthouse because of disability: he was *inside* the courthouse directly before he was removed for trying to bring in the camera.

Plaintiff references 28 C.F.R. § 35.107. That regulation, concerning ADA grievance procedures, cannot be invoked to state a claim. "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. … Without it, a cause of action does not exist, and courts may not create one." *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001). The Court grants Defendants' motion to dismiss at to Count V.

**VI. Count VI – ADA Retaliation or Interference**

Plaintiff alleges he was retaliated against under the ADA for engaging in protected activity, namely: complaining about the Deputies, filing motions, asserting ADA rights, serving ADA grievances, requesting accommodations, and seeking preservation of evidence.

To state a claim of retaliation or interference under the ADA, a plaintiff generally must allege that he engaged in a protected activity, suffered an adverse action, and that there is a causal connection between the two. *See, e.g., Shotz v. City of Plantation*, 344 F.3d 1161, 1180–81 (11th Cir. 2003); *Weixel v. Board of Education of City of New York*, 287 F.3d 138, 148–49 (2d Cir. 2002). As in Section V, Plaintiff fails to show a causal connection between his alleged ADA-protected activity and an adverse action. The Court grants Defendants' motion to dismiss as to Count VI.

## VII. Prospective Relief

Along with damages, Plaintiff seeks declaratory and injunctive relief against Greene County that would require it to cease unconstitutional exclusion, cease retaliatory enforcement concerning recording devices, and provide lawful ADA grievance and accommodation access.

Article III standing requires an injury in fact—"an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). For prospective relief, this requires "a real and immediate threat that [the plaintiff] would again suffer similar injury in the future." *Frost v. Sioux City, Iowa*, 920 F.3d 1158, 1161 (8th Cir. 2019).

Plaintiff does not identify a "real and immediate threat." He requests that this Court prospectively regulate the County's conduct because of his dissatisfaction with past events. That would be outside this Court's jurisdiction. Plaintiff's claims for prospective injunctive and declaratory relief are dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The case will proceed with Count I against Defendants Deputy Jackie Dilday and Deputy Drew Ivey, with relief sought in the form of compensatory and punitive damages. Counts II–VI, as well as Plaintiff's requests for declaratory and injunctive relief, are dismissed. Defendant Greene County, Missouri is dismissed.

**IT IS SO ORDERED**.
DATED: October 1, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**