**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ROBERT TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 6:26-cv-03022-MDH** |
| | ) | |
| **DEPUTY JACKIE DILDAY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

Before the Court are Plaintiff's motions to revise this Court's October 1, 2026, Order. (Docs. 48 and 49). Defendants submitted suggestions in opposition (Docs. 53 and 54), and Plaintiff submitted replies (Docs. 55 and 56). The matter is now ripe for review.

An Order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment[.]" Fed. R. Civ. P. 54(b). Plaintiff requests that the Court revise its October 1, 2026, Order dismissing Plaintiff's claims for First Amendment retaliation (Count II) and ADA discrimination (Count V). For the following reasons, Plaintiff's motions to revise are **DENIED**.

Plaintiff contends that the Court did not explicitly address whether it (1) considered Plaintiff's verbal-protest and 911-reporting theories for First Amendment retaliation and (2) considered Plaintiff's theory that he was entitled to an ADA reasonable accommodation providing him with a "temporary lawful waiting arrangement" after being removed from the courthouse.

To state a First Amendment retaliation claim, Plaintiff must plausibly allege "a but-for causal connection between the retaliatory animus and injury." *De Mian v. City of St. Louis, Missouri*, 86 F.4th 1179, 1182 (8th Cir. 2023). As Plaintiff acknowledges, the Deputies' decision to remove him was because he brought a GoPro camera into the courthouse, not because he

subsequently disputed that decision. To the extent Plaintiff contends that his decision to contest his removal led to the use of excessive force, that should be addressed through Plaintiff's live claim for excessive force (Count I).

To state a claim for ADA failure to accommodate, Plaintiff must plausibly allege that a public entity failed to provide reasonable accommodations to access its "services, programs, or activities" as necessary to avoid discrimination "by reason of" an individual's disability. 42 U.S.C. § 12132; *Folkerts v. City of Waverly, Iowa*, 707 F.3d 975, 983 (8th Cir. 2013). Plaintiff alleges that, after he was removed from the courthouse by the Deputies, Greene County did not offer to let him wait for transportation on a courthouse bench. But a public entity is not required to provide access to its services, programs, or activities when it has already lawfully excluded an individual for non-discriminatory reasons. For when a disabled individual is denied access for non-discriminatory reasons, any resultant denial of services, programs, or activities is not "by reason of" disability. *See, e.g., Does 1-5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996) ("[A] plaintiff proceeding under Title II of the ADA must … prove that the exclusion from participation in the program was 'solely by reason of disability.'") (internal citation omitted). Plaintiff had already been denied access to the courthouse—*including the courthouse premises*—for a non-discriminatory reason: bringing a GoPro camera into the courthouse.

The facts alleged by Plaintiff in Counts II and V fail to state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court notes, however, that although Plaintiff's excessive force claim is judged under an objective standard, the allegations surrounding Counts II and V may still be relevant. *See, e.g., Montoya v. City of Flandreau*, 669 F.3d 867, 871 (8th Cir. 2012) ("The degree of injury suffered, to the extent it tends to show the amount and type of force used, is []

relevant to our excessive force inquiry.") (quotation omitted). Plaintiff need not as a matter of law discard all of the factual context surrounding the dismissed Counts II and V.

For the aforementioned reasons, Plaintiff's motions to revise under Rule 54(b) are **DENIED**.

**IT IS SO ORDERED**.

DATED: November 16, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**